IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LESLIE L. LEONARD, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV-358-K-BK |
| | § | |
| CITIBANK NA, AS TRUSTEE, | § | |
| IN TRUST FOR REGISTERED HOLDERS | § | |
| OF WAMU ASSET-BACKED | § | |
| CERTIFICATES WAMU SERIES | § | |
| 2007-HE3 TRUST, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case has been referred to the undersigned United States magistrate judge for pretrial management. Pending before the Court is Plaintiff's *First Motion to Remand to State Court*, Doc. 8. For the reasons that follow, the motion should be **GRANTED**.

**I.   BACKGROUND**

This case originated in 193rd Judicial District Court of Dallas County. Doc. 1-4 at 2. In his *Original Petition*, filed in January 2019, Plaintiff asserts a variety of claims against "Citibank, NA., as Trustee, in Trust for Registered Holders of Wamu Asset-Backed Certificates Wamu Series 2007-He3 Trust" ("Defendant" or "Citibank"). Doc. 1-4 at 2, 4. In February 2019, on the basis of diversity jurisdiction, Defendant removed the case to this Court. Doc. 1 at 1, 3.[1]

---

[1] In its removal papers, Defendant added to its name "a/k/a Citibank, NA, as trustee for WaMu Series 2007-HE3 Trust." Doc. 1 at 1. Plaintiff takes issue with this addition, Doc. 8 at 6, but the addition is irrelevant for purposes of Plaintiff's motion because Citibank, a trustee, was sued in its name. Doc. 1-4 at 2; *see infra* p. 3.

1

Plaintiff now moves for remand, arguing that (1) the Court lacks diversity jurisdiction, (2) alternatively, the Court should permit discovery on jurisdictional facts, (3) Defendant waived federal jurisdiction, and (4) the Court should abstain from hearing this case. Doc. 8 at 7-11. Third-Party Defendant Jane F. Leonard has adopted Plaintiff's instant motion. Doc. 13. Because the Court finds Plaintiff's first argument dispositive, it need not address Plaintiff's remaining arguments.

## II.  APPLICABLE LAW AND ANALYSIS

Plaintiff moves for remand because Defendant asserts the citizenship of CitiBank, the Trustee of the He3 Trust (the "Trust") without demonstrating that CitiBank is a "real party in interest" in this case. Doc. 8 at 9. Since CitiBank is not a real party in interest, Plaintiff continues, its citizenship cannot support diversity jurisdiction. Doc. 8 at 8-10. Defendant responds that the Pooling and Servicing Agreement ("PSA") for the Trust "makes clear that CitiBank is the real party to the controversy" and that, thus, CitiBank's citizenship properly supports the Court's diversity jurisdiction over this case. Doc. 17 at 11.

A party may remove an action from state to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Federal courts have subject matter jurisdiction over all civil actions where the matter in controversy exceeds $75,000 and the parties are completely diverse. 28 U.S.C. § 1332. Diversity of citizenship exists between the parties if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988).

In deciding whether it has federal jurisdiction, the Court focuses on the plaintiff's pleadings "as they existed at the time of removal." *See Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). But the Court "may be required to survey the entire

record . . . and base its ruling on the complaint, on undisputed facts, and on its resolution of disputed facts." *Aquafaith Shipping, Ltd. v. Jarrillas*, 963 F.2d 806, 808 (5th Cir. 1992).  Any "ambiguities are construed against removal," and the removing party "bears the burden of showing that federal jurisdiction exists." *Manguno*, 276 F.3d at 723.

"[W]hen a trustee files a lawsuit or is sued in [its] own name, [its] citizenship is all that matters for diversity purposes," *Americold*, 136 S. Ct. at 1016, so long as the trustee wields "real and substantial" control over the assets held in its name. *Justice v. Wells Fargo Bank Nat'l Ass'n*, 674 Fed.Appx. 330, 332 (5th Cir. 2017) (per curium) (citation omitted).  Since Plaintiff does not dispute the amount in controversy requirement, Doc. 8 at 8, and CitiBank was sued in its name, Doc. 1-4 at 2, the only question is whether Defendant has shown or can show that it wields real and substantial control over the Trust's assets.  That question is answered in the negative.

Defendant relies on the *Justice* holding, wherein the United States Court of Appeals for the Fifth Circuit found that the parties' PSA established that Wells Fargo, as trustee, enjoyed sufficient control to render it a real party in the case. *Justice*, 674 Fed. Appx. at 332.  Defendant reasons that the PSA provision in *Justice* is analogous to section 2.01 of the PSA here. Doc. 17 at 12.  However, this case is anopposite.  As already stated, the PSA in *Justice* conveyed control rights to Wells Fargo as trustee. *Id*. at 332 (citing to the parties' PSA and noting that "Wells Fargo as the trustee holds 'all the right, title and interest of the Depositor in and to the Trust Fund.'").  Conversely, the PSA here conveys control rights to the Trust.  *See* Doc. 18 at 152 ("The Depositor . . . does hereby transfer, assign, set over and otherwise convey to the Trust,

3

without recourse, all the right, title, and interest of the Depositor.").[2]  Moreover, section 11.10 of the PSA in this case—which is not cited by either party—confirms that the parties "intend the conveyance pursuant to Section 2.01 to be a true, absolute and unconditional sale of the Mortgage Loans and assets constituting the Trust Fund by the Depositor to the Trust."  Doc. 18 at 278.

Defendant also relies on section 11.03 of the PSA, Doc. 17 at 13, but while it addresses the rights of certificate holders, it says nothing about CitiBank's control of the Trust's assets.  Doc. 18 at 275.  And Defendant's assertion that "[n]umerous courts have found" provisions like section 11.03 "dispositive" is incorrect, because in each of the cases Defendant relies on for that proposition, the court considered provisions similar to 11.03 <u>in addition to</u> some other provision of the PSA that demonstrated the trustee had real and substantial control of a trust's assets.[3]  Doc. 17 at 13 n. 2.  Defendant, however, has not identified any such provision here.

---

[2] Indeed, the Court has previously relied on *Justice* to find that a trustee enjoyed sufficient control to render it a real party where the PSA conveyed control rights to a trustee, not to a trust like the PSA here.  *See, e.g.,* *FFGGP, Inc. v. Deutsche Bank National Trust Co.*, No. 3:16-CV-0742-M-BK, 2017 WL 4404460, at *2 (N.D. Tex. Sep. 6, 2017) (Toliver, J.), *accepted by* 2017 WL 4351404 (Fish, J.) (finding that a trustee had "real and substantial control" over trust's assets where the PSA provided that "[the] Depositor, concurrently with the execution and delivery hereon, does hereby transfer, assign, set over and otherwise convey in trust to the Trustee.").

[3] *See* *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (the trustees "operated under a declaration of trust that authorized the trustees to take legal title to trust assets, to invest those assets for the benefit of the shareholders, and to sue and be sued in their capacity as trustees"); *Jones v. Select Portfolio Servicing, Inc.*, No. 3:16-CV-2331-K-BN, 2016 WL 6581279, at *4 (N.D. Tex. Oct. 12, 2016) (Horan, J.), *accepted by* 2016 WL 6566538 (Kinkeade, J.) (trustee held sufficient control over a trust's assets where the PSA established that the Depositor "wholly" transferred control rights to the trustee); *Moore v. Ameriquest Mortg. Co.*, No. 4:16-CV-0380, 2016 WL 6159377, at *4 (E.D. Tex. Oct. 24, 2016) (the trustee held power to hold, manage, and dispose of trust assets where the PSA assigned to the trustee all of the "Mortgage Loans and the other assets comprising the Trust Fund"); *Rodriguez v. Deutsche Bank Nat'l Tr. Co.*, No. CV H-16-1597, 2017 WL 371141, at *2-3 (S.D. Tex. Jan. 26, 2017) (finding the same based on provisions of the PSA, including a provision that the Depositor "hereby sells, transfers, assigns, sets over and otherwise conveys to the Trustee . . . without recourse").

Accordingly, the Court concludes that Defendant has not satisfied its burden to show that CitiBank wields "real and substantial" control over the Trust's assets. *Justice*, 674 Fed.Appx. at 332; *Manguno*, 276 F.3d at 723 (noting that "ambiguities are construed against removal" and that the removing party "bears the burden of showing that federal jurisdiction exists"). As such, remand is warranted.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's *First Motion to Remand to State Court*, Doc. 8, should be **GRANTED**, and this case should be remanded to the 193rd Judicial District Court of Dallas County, Texas, for further proceedings.

**SIGNED** July 22, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).